USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

BERYL SEDATOL,                           :
                                         :
                    Plaintiff,           :        12 Civ. 6810 (JFK)
                                         :
    -against-                            :        **MEMORANDUM OPINION**
                                         :            **& ORDER**
WARNER CHILCOTT SALES US LLC,            :
                                         :
                    Defendant.           :
----------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a motion by Defendant Warner Chilcott

(US) LLC ("Warner Chilcott"), named as Warner Chilcott Sales US

LLC, to dismiss this case under Rule 41(b) of the Federal Rules

of Civil Procedure for failure to prosecute or, in the

alternative, for the entry of a Lone Pine order.  For the

reasons set forth below, the motion to dismiss under Rule 41(b)

is denied and the motion for entry of a Lone Pine order is

granted.

On July 10, 2012, Plaintiff Beryl Sedatol filed this case

against Merck Sharp & Dohme Corp. ("Merck") and Warner Chilcott

in Louisiana state court, alleging that her use of the

prescription drugs Fosamax and Actonel caused her to suffer

osteonecrosis of the jaw. (Compl. ¶¶ II-VI.)  On August 7, 2012,

Merck removed the case to the U.S. District Court for the

Western District of Louisiana. (See Notice of Removal, ECF No.

1

1.)  The following month, the Judicial Panel on Multidistrict
Litigation transferred the case to this Court as a member of
In re: Fosamax Products Liab. Litig., No. 06-MD-1789 (the
"MDL"). (See Conditional Transfer Order, ECF No. 7.)  Merck
answered on August 8, 2012, and on September 12, 2012, Warner
Chilcott filed and served its answer. (Answer, ECF No. 10.)

Following several bellwether trials and the execution of a
March 24, 2014 Master Settlement Agreement, Plaintiff and Merck
entered into a stipulated dismissal of Plaintiff's Fosamax-
related claims, which the Court entered on December 1, 2015.
(Stipulation and Order of Dismissal with Prejudice, ECF No. 68.)
On June 14 and 27, 2016, the Court held status conferences to
address Plaintiff's Actonel-related claims against Warner
Chilcott.  With leave of court, on July 1, 2016, Warner Chilcott
filed the instant motion to dismiss under Rule 41(b) for failure
to prosecute.

Warner Chilcott argues that Rule 41(b) dismissal of
Plaintiff's Actonel-related claims is warranted because
Plaintiff failed to take any steps to prosecute those claims
between Warner Chilcott's September 12, 2012 answer and the
Court's June 14, 2016 conference.  Mindful that dismissal under
Rule 41(b) is a "harsh remedy to be utilized only in extreme
situations," U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d
248, 254 (2d Cir. 2004), the Court disagrees.  As no scheduling

order was entered with respect to Plaintiff's Actonel-related claims, it was not unreasonable for Plaintiff's counsel to conclude that those claims would be addressed following the resolution of Plaintiff's Fosamax-related claims, which were the basis for this case's inclusion in the MDL.  While six months elapsed between the dismissal of Plaintiff's Fosamax-related claims and the June 14, 2016 conference, Plaintiff did not miss any deadlines set by the Court, and the six month delay was not so extreme as to warrant Rule 41(b) dismissal.  As a result, Warner Chilcott's motion to dismiss under Rule 41(b) is denied.

As an alternative to dismissal, Warner Chilcott seeks the entry of a <u>Lone Pine</u> order requiring Plaintiff to submit an expert report by a qualified medical expert demonstrating whether the expert believes to a reasonable degree of medical certainty that Actonel caused Plaintiff's alleged injury, and if so, the factual and medical/scientific bases for that opinion. See <u>Lore v. Lone Pine Corp.</u>, No. L-33606-85, 1986 WL 637507, at *1-4 (N.J. Super. Ct. Law Div. Nov. 18, 1986).  This Court has previously made use of such orders in connection with this MDL, <u>see, e.g.</u>, <u>In re Fosamax Prod. Liab. Litig.</u>, No. 06 MD 1789 JFK, 2012 WL 5877418, at *4-5 (S.D.N.Y. Nov. 20, 2012), and agrees that an order requiring Plaintiff to provide a credible basis for causation in this case is appropriate to prevent remand of potentially spurious claims.

Accordingly, it is hereby ORDERED, pursuant to Federal Rules of Civil Procedure 16 and 26, that within 60 days of the date of this Order, Plaintiff shall produce a Rule 26(a)(2) expert report by a qualified medical expert to demonstrate whether the expert believes to a reasonable degree of medical certainty that Actonel caused Plaintiff's alleged injury, and if so, the factual and medical/scientific bases for that opinion.

It is further ORDERED that if Plaintiff fails to comply with this Order in a timely and complete manner, Warner Chilcott will notify the Court of the failure to comply. Plaintiff will then have 15 days to show cause why Plaintiff's complaint should not be dismissed with prejudice. If Plaintiff fails to demonstrate sufficient cause for the failure to comply with this Order, Plaintiff's complaint will be dismissed with prejudice. If Plaintiff demonstrates sufficient cause for the failure to comply with this Order, the Court will have discretion to determine the relief necessary for Plaintiff to comply reasonably with this Order.

**SO ORDERED.**

Dated:     New York, New York
           October 20, 2016

                                          _John F. Keenan_
                                          JOHN F. KEENAN
                                    United States District Judge